IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

AMBER D. CURRY,                          :        CIVIL DIVISION
                                         :
              Plaintiff,                  :        NO. 3:24-CV-280
                                         :
vs.                                      :
                                         :        TYPE OF DOCUMENT:
TRULIEVE JOHNSTOWN,                       :        **COMPLAINT**
                                         :
              Defendant.                  :        FILED ON BEHALF OF PLAINTIFF
                                         :
                                         :
                                         :        JURY TRIAL DEMANDED
                                         :
                                         :
                                         :
                                         :
                                         :
                                         :
                                         :
                                         :
                                         :
                                         :
                                         :
                                         :
                                         :        COUNSEL FOR PLAINTIFF:
                                         :        Jerome J. Kaharick
                                         :        I.D. No. 61950
                                         :        **Jerome J. Kaharick and Associates**
                                         :        Park Building, Suite 301
                                         :        142 Gazebo Park
                                         :        Johnstown, PA 15901
                                         :        (814) 539-6789
                                         :        (814) 539-5934 *(facsimile)*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMBER D. CURRY, | : | CIVIL DIVISION |
| | : | |
| Plaintiff, | : | NO. 3:24-cv-280 |
| | : | |
| vs. | : | |
| | : | TYPE OF DOCUMENT: |
| TRULIEVE JOHNSTOWN, | : | **COMPLAINT** |
| | : | |
| Defendant. | : | |

## <u>COMPLAINT</u>

AND NOW, comes the Plaintiff, AMBER D. CURRY, by and through her attorneys, Jerome J. Kaharick and Associates, and sets forth the following Complaint, of which these averments are particularized:

1.    This action seeks declaratory, injunctive, and equitable relief, compensatory and punitive damages, costs and attorneys fees for the race discrimination and retaliation suffered by the Plaintiff in her employment by the Defendant.

2.    This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000(e), et seq., and the Civil Rights Act of 1991, 42 U.S.C. Section 1981(a).

3.    Jurisdiction is invoked pursuant to 28 U.S.C. Section 1331 and Section 1343(4) and 42 U.S.C. Section 2000(e)-5(f).    A right to sue letter was issued by the Equal Employment Opportunity Commission (EEOC) on August 28, 2024, and received on August 29, 2024, a true and accurate copy of which is attached hereto as Exhibit "A" based upon Charge Affidavits timely field with the EEOC.

4.    Declaratory, injunctive, and equitable relief are sought pursuant to 28 U.S.C. Section 2201, Section 2202, and 42 U.S.C. Section 2000(e)(5)(g).    Compensatory and punitive damages are sought pursuant to 42 U.S.C. Section 1981(a).

5.    Costs and attorneys fees may be awarded pursuant to 42 U.S.C. Section 2000(e)-5(k) and Fed. R. Civ. P. 54.

6.      This action is proper in the Western District of Pennsylvania, civil division, pursuant to 29 U.S.C. Section 1391(b), because the claim arose in this judicial district, and pursuant to 42 U.S.C. Section 2000(e)-5(f)(3) because of the unlawful employment practices committed in this judicial district.

**COUNT I**

**RACIAL DISCRIMINATION**

7.      Plaintiff, Amber D. Curry, is a citizen and resident of the United States and Cambria County, Pennsylvania, and is African-American.

8.      Defendant Corporation is an employer, known as Trulieve Johnstown, located at 339 Main Street, Johnstown, Pennsylvania 15901, and engages in industry affecting commerce, and, upon information and belief, employs more than 20 regular employees.

9.      Plaintiff has been employed by Defendant Corporation since November 13, 2023.

10.     Plaintiff's immediate supervisor at Defendant Corporation is Laurie Skyles.

11.     The following actions detailed in this paragraph committed by the Defendant Corporation and its agents, servants, and employees, show a pattern of discriminatory animus employed by this Defendant against the Plaintiff and the creation of a hostile work environment that Plaintiff was subjected to in the following particulars:

(a)      The Plaintiff worked as a dispensary associate under her supervisor Laurie Skyles.

(b)      Laurie Skyles created a hostile work environment because of the Plaintiff's race/color.

(c)      Laurie Skyles excluded the Plaintiff from information necessary to do her job, bullied and disparaged the Plaintiff in front of fellow employees, and excluded the Plaintiff from receiving incentives for work related performance.

(d)      The plaintiff made complaints in April and May of 2024 to upper management.

(e)      The Plaintiff met with Ms. Brown from Human Resources as well as the General Manager Ms. Barnhart and Steven Tackett the District Manager.

(f)    The Plaintiff was informed after this meeting that Laurie Skyles would be written up and that they would follow up with the Plaintiff as to the disposition of her concerns.

(g)    No follow up by upper management occurred.

(h)    Other employees have witnessed the actions of Laurie Skyles towards the Plaintiff and offered their apologies for how the Plaintiff was treated.

(i)    The defendant has taken no action to stop the ongoing harassment and disparate treatment.

(j)    The Defendant has not provided the Plaintiff with a valid reason why they could not take appropriate action to stop the ongoing disparate treatment.

(k)    At least one co-worker, Michael Zajdel, suspected of mistakes was pulled aside and counseled while the Plaintiff was berated by Laurie Skyles in front of fellow employees and customers.

(l)    The initial response with white employees is to give them the benefit of the doubt, while Laurie Skyles chose to immediately berate the Plaintiff without asking what potential facts were involved.

12.    The Plaintiff has no plain, adequate, or complete remedy at law to address the wrongs alleged and is now suffering and will continue to suffer irreparable injuries from her treatment by Defendant Corporation.

13.    The Plaintiff has suffered, is now suffering, and will continue to suffer emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses as a direct result of Defendant's discrimination.

14.    Plaintiff will suffer future pecuniary losses as a direct result of the Defendant's discrimination.

15.    The Defendant has engaged in discrimination against the Plaintiff with malice or reckless indifference to Plaintiff's rights under Title VII.

16.    Because race/national origin was/were motivating factors and made a difference in the decision to treat the Plaintiff from other non-minorities with the Defendant Corporation, the Defendant violated Title VII.

WHEREFORE, Plaintiff prays this Court:

(a)    Declare the conduct engaged in by the Defendant to be a violation of Plaintiff's rights;

(b)    Enjoin the Defendant from engaging in such conduct;

(c)    Award Plaintiff compensatory and punitive damages;

(d)    Award Plaintiff costs and attorneys fees; and

(e)    Grant such other relief as it may deem just and proper.

## COUNT II

## RETALIATION

17.    Plaintiff incorporates by reference the averments in Paragraphs 1 through 16 as though fully set forth herein.

18.    The Plaintiff was engaged in protected activities, *i.e.*, she was protesting formally and informally the discrimination she suffered as detailed in Count I above and the making of complaints to management protesting the discrimination suffered at the place of employment.

19.    The Plaintiff suffered an adverse employment action, *i.e.*, she was kept at the current position even though repeated requests were made to management to move her to an area where racial hostility would not be prevalent.

20.    The actions of the Defendant in failing to re-assign the Plaintiff away from the hostile environment was taken in response to her complaints to management and the EEOC.

WHEREFORE, Plaintiff prays this Court:

(a)    Declare the conduct engaged in by the Defendant to be a violation of Plaintiff's rights;

(b)    Enjoin the Defendant from engaging in such conduct;

(c)    Award Plaintiff compensatory and punitive damages;

(d)    Award Plaintiff costs and attorneys fees; and

(e)    Grant such other relief as it may deem just and proper.

## JURY TRIAL DEMANDED

Respectfully submitted,

Date:   11/15/2024

_s/Jerome J. Kaharick_____
Jerome J. Kaharick
*Counsel for Plaintiff*

## VERIFICATION

I, AMBER D. CURRY, hereby verify that the statements contained in the foregoing document are true and correct to the best of my information, knowledge, and belief. I understand that false statements herein are made subject to the penalty of perjury pursuant to 28 U.S.C. § 1746.

Date: **11/15/24**

AMBER D. CURRY